ESTHER BRICE, ADMINISTRATRIX, ETC., v. EASTERN NEW JERSEY POWER COMPANY.

Decided January 10, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and LLOYD.

For the rule, *Charles E. Cook.*

*Contra, Ward Kremer.*

PER CURIAM.

This is a suit brought under the Death act. The trial resulted in a verdict in favor of the plaintiff, and the present rule was allowed to test the validity of that verdict.

Frank Brice, the deceased, was in the employ of the borough of Belmar, his work being the keeping in order of the borough's fire alarm system. On August 15th, 1923, there had been an unusually severe storm in Belmar, which resulted in the impairment of the fire alarm system. Brice was ordered to investigate and make the necessary repairs. At the corner

of Tenth avenue and A street, which he reached some time in the afternoon, he found that the fire alarm wire had broken from the pole on which it was carried. This pole belonged to the Atlantic Coast Electric Company, which was subsequently consolidated into the present defendant. On it were not only the fire alarm wire of the borough, but also a telephone wire and the wire of the electric light company. The latter wire never carried any voltage during the daytime, and this apparently was known to Brice. The other two wires did not carry a dangerous current at any time. Brice climbed the pole, carrying one end of the broken wire with him, his purpose being to splice it. After fastening himself in position to do the work, he attempted to draw this broken wire tight, with the result that he received an electric current through it of sufficient voltage to cause his death almost immediately. The proofs showed that a block or more away from the pole where the accident occurred the wire of the electric light company and the fire alarm wire crossed one another, the electric light wire being some six or eight inches above the other. The proofs also showed that these wires had gradually sagged, the upper wire more than the other, so that they came in contact sometimes, with the result that the insulation of the electric light wire was worn off at this point. The proofs justify the conclusion that the accident occurred by the pulling taut of the fire alarm wire, causing it thereby to come in contact with the sagging electric light wire a block away. It appears that Brice, when he was attempting to make this repair, did not have gloves on his hands, which would protect him against electric shock.

The present rule to show cause was allowed to review a verdict had at a second trial. On the first trial this court set aside the verdict then rendered in favor of the plaintiff, upon the ground that the proofs then submitted demonstrated that he was guilty of contributory negligence in failing to have gloves on, knowing, as he did, the danger which would result in his coming in contact with a live electric wire. The verdict at the second trial, however, also absolved the deceased from contributory negligence, and usually a second

verdict will be accepted as settling this question. *Brown* v. *Paterson Parchment Paper Co.,* 69 *N. J. L.* 474. But, aside from this general rule, our examination of the proofs fails to convince us that the finding of the jury as to the negligence of the decedent was in disregard of the weight of the evidence. He knew that under normal conditions there would be no current in the electric light wire. So far as the proofs show, he had no knowledge of the condition of the wires a block away from the pole upon which he was working, or that the electric light company had installed its wire at that point so near to the fire alarm wire as to constitute a menace if the latter wire was tightened. In this situation, the question to be determined by the jury was whether a reasonably prudent man under such circumstances would assume that it would be safe for him to splice the fire alarm wire without protecting himself with gloves, and we cannot say that its solution of this question was plainly erroneous.

The conclusion reached by us is that the rule to show cause should be discharged.